UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| HARMONI PATTON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 7:23-cv-1169-ACA ) |
| MICHAELA WILLIAMS, *et al.*, | ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION

After Defendant Michaela Williams ("Officer Williams") ran a red light, she hit a car driven by Plaintiff Harmoni Patton. At the time of the accident, Officer Williams was on-duty as a sheriff's deputy for Defendant Tuscaloosa County Commission. The complaint asserts the following claims: (1) negligence/wantonness against the Defendants ("Count One"); (2) *respondeat superior* against the Commission ("Count Two"); and "Deprivation of Civil Rights - § 1983" against Officer Williams ("Count Three").[1]

Officer Williams and the Commission move to dismiss the claims asserted against them for failure to state a claim. (Doc. 3). Because Ms. Patton has not plausibly alleged that Officer Williams violated Ms. Patton's Fourth Amendment

---

[1] The complaint also asserts claims against Fictitious Defendants ("Count Four"). (Doc. 1-1 ¶¶ 23–25). "As a general matter, fictitious-party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010). Accordingly, the court disregards Count Four.

right, the court **WILL GRANT** the motion as to Count Three. The court **DECLINES** to exercise supplemental jurisdiction over the remaining state law claims (Counts One and Two) and **WILL REMAND** this case to the Circuit Court of Tuscaloosa County.

## I. BACKGROUND

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), courts must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *K.T. v. Royal Caribbean Cruises, Ltd.*, 931 F.3d 1041, 1043 (11th Cir. 2019).

Ms. Patton was driving her car when Officer Williams ran a red light while responding to a call. (Doc. 1-1 ¶¶ 9, 20). The two vehicles collided. (*Id*. ¶ 20). Ms. Patton contends that Officer Williams's "deliberate indifference to her safety" and "use of force . . . in colliding with" her vehicle "violated [Ms. Patton's] right not to be subjected to [an] unreasonable seizure." (*Id*. ¶¶ 21–22).

Ms. Patton filed her complaint in the Circuit Court of Tuscaloosa County. (*Id*. at 1). Defendants removed the case to this court based on federal question jurisdiction and supplemental jurisdiction. (Doc. 1 ¶ 4).

## II. DICUSSION

Federal courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Federal courts also have supplemental jurisdiction over claims that are part of the same case or controversy as the claims within the court's original jurisdiction. *Id*. § 1367(a).

In their notice of removal, Defendants contended that this court had jurisdiction over this case because Ms. Patton alleged a claim under 42 U.S.C. § 1983 against Officer Mitchell. (Doc. 1 ¶ 4). Defendants further alleged that this court had supplemental jurisdiction over Ms. Patton's state-law claims. (*Id*.). In their motion to dismiss, Defendants assert that "there is no basis in law to support [Ms. Patton's] stated § 1983 claim." (Doc. 3 at 9). The court will first ensure that it has jurisdiction over the case before proceeding to the parties' arguments. *See Ladies Mem'l Ass'n, Inc. v. City of Pensacola*, 34 F.4th 988, 994 (11th Cir. 2022).

a. <u>The court has subject matter jurisdiction over this case.</u>

"The test ordinarily applied for determining whether a claim arises under federal law is whether a federal question appears on the face of the plaintiff's well-pleaded complaint." *Resnick v. KrunchCash, LLC*, 34 F.4th 1028, 1034 (11th Cir. 2022) (quotation marks omitted). When applying this test, district courts must maintain the "important distinction" between claims over which the court lacks jurisdiction and claims that do not state a plausible claim for relief. *See id*.

There are two narrow exceptions to this distinction, and only one is at issue here: whether Ms. Patton's § 1983 claim is wholly insubstantial and frivolous. *See*

3

*id*. "[T]he category of claims that are wholly insubstantial and frivolous is exceedingly narrow." *Id*. (quotation marks omitted). "To strip a district court of subject matter jurisdiction, a plaintiff's federal claim must have no plausible foundation, or the court must conclude that a prior Supreme Court decision clearly forecloses the claim." *Resnick*, 34 F.4th at 1035 (cleaned up). A claim lacks a plausible foundation when it is "patently without merit." *McGinnis v. Ingram Equip. Co.*, 918 F.2d 1491, 1494 (11th Cir. 1990) (en banc) (quotation marks omitted).

Count Three asserts that Officer Mitchell violated Ms. Patton's Fourth Amendment protection against unreasonable seizures when Officer Mitchell ran a red light and collided with Ms. Patton's car. (Doc. 1-1 ¶¶ 19–22). "Violation of the Fourth Amendment requires an intentional acquisition of physical control." *Brower v. Cnty. of Inyo*, 489 U.S. 593, 596 (1989). "A seizure occurs even when an unintended person or thing is the object of the detention or taking, but the detention or taking itself must be willful." *Id*. (quotation marks omitted).

In *Brower*, the Supreme Court considered whether a hypothetical passerby suffered a Fourth Amendment violation "if a parked and unoccupied police car slips its brake and pin[ned the] passerby against a wall." *Id*. The Court concluded that although "it is likely that a tort has occurred," the innocent passerby suffered no Fourth Amendment violation. *See id*. This conclusion did not change even "if the passerby happened, by lucky chance, to be a serial murderer for whom there was an

4

outstanding arrest warrant." *Brower*, 489 U.S. at 596. And the result still did not change even if the murderous passerby "was in the process of running away from two pursuing constables" at the time that the car pinned him. *Id*.

The *Brower* Court reasoned that a person is seized under the Fourth Amendment "when there is a governmental termination of freedom of movement *through means intentionally applied*." 489 U.S. at 597 (emphasis in original). Individuals who are intentionally pursued by government actors are not seized if the individual's movement is stopped through unintentional means. *See id*. "In sum, the Fourth Amendment addresses misuse of power, not the accidental effects of otherwise lawful government conduct." *Id*. at 596 (cleaned up).

Although the question is close, the court is satisfied that Ms. Patton's claim is not "so patently without merit" as to divest the court of jurisdiction over this case. *See McGinnis*, 918 F.2d at 1494 (quotation marks omitted). The *Brower* Court considered only the hypothetical situation of accidental or inadvertent "governmental termination of freedom of movement." *See Brower*, 489 U.S. at 596–97. Because those facts were hypothetical in *Brower*, *Brower* does not clearly foreclose Ms. Patton's claim. *See Resnick*, 34 F.4th at 1034.

   b. <u>Ms. Patton has not alleged a plausible claim for relief in Count Three.</u>

Defendants contend that Ms. Patton has not plausibly alleged a Fourth Amendment violation against Officer Mitchell because the car accident between

Officer Mitchell and Ms. Patton was not a seizure. (Doc. 3 at 9). Ms. Patton responds that Defendants' arguments are premature because she pleaded that Officer Williams acted with deliberate indifference and discovery may reveal more information about the accident. (Doc. 7 at 4–5).

The court discards as conclusory Ms. Patton's allegations that Officer Williams acted with deliberate indifference. (Doc. 1-1 ¶ 21). The Eleventh Circuit has held that similar allegations "carry no weight" because these allegations are legal conclusions. *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013). On a motion to dismiss, conclusory legal allegations are discarded and are not entitled to the presumption of truth. *See id.*

After the court discards Ms. Patton's conclusory allegations, Ms. Patton has alleged that (1) Officer Williams ran a red light and (2) Officer Williams collided with a vehicle driven by Ms. Patton. (*See, e.g.*, doc. 1-1 ¶ 20). But absent other circumstances, car accidents involving state actors "do not rise to the level of a constitutional deprivation." *Cannon v. Taylor*, 782 F.2d 947, 950 (11th Cir. 1986). This rule applies when the accident is caused by negligence, *id.*, gross negligence, *id.*, and even "willful and wanton disregard for the safety of others," *Walton v. Salter*, 547 F.2d 824, 825 (5th Cir. 1976).[2] Accordingly, Ms. Patton has not alleged a

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

plausible claim for relief, and the court **WILL GRANT** Defendants' motion to dismiss Count Three for failure to state a claim.

### c. The court declines to exercise supplemental jurisdiction over the remaining state law claims.

Because the court will dismiss the sole federal claim, only the claims arising under Alabama law remain. A "district court[] may decline to exercise supplemental jurisdiction" where, as here, it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Eleventh Circuit encourages district courts to do so if all federal claims are dismissed before trial. *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004); *accord Silas v. Sheriff of Broward Cnty.*, 55 F.4th 863, 866 (11th Cir. 2022) ("A district court . . . will rarely err by declining supplemental jurisdiction after the federal claims that supported its jurisdiction are dismissed."). The court therefore **DECLINES** to exercise jurisdiction over the remaining claims. Accordingly, the court **WILL REMAND** this case to the Circuit Court of Jefferson County.

### III. CONCLUSION

The court **WILL GRANT** the motion to dismiss as to Count Three. The court **DECLINES** to exercise supplemental jurisdiction over the remaining state-law claims (Counts One and Two) and **WILL REMAND** this case to the Circuit Court of Tuscaloosa County. The court **DIRECTS** the Clerk of Court to administratively terminate the parties' motion to stay. (Doc. 8).

The court will enter a separate order consistent with this opinion.

**DONE** and **ORDERED** this October 18, 2023.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE